UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARSHALL SPIEGEL, <br> On behalf of himself and the classes <br> defined below, <br><br> Plaintiff, <br><br> v. <br><br> AMEREN ILLINOIS COMPANY, and <br> JOHN DOES 1-10, <br><br> Defendants. | Case No.: 1:14-cv-01293 <br> Honorable Gary Feinerman |

## AMEREN'S OPPOSITION TO SPIEGEL'S RENEWED MOTION TO TAKE DEPOSITION

Ameren Illinois ("Ameren") opposes Spiegel's Renewed Motion to Take Deposition.[1] Spiegel does not need a deposition to respond to Ameren's pending motion to dismiss. That motion is based solely on the adequacy of the allegations set out in Spiegel's complaint. A deposition, particularly one taken by a pro se litigant, would only force Ameren to incur even more unnecessary cost to defend itself against a lawsuit that multiple lawyers have already determined cannot be pursued under Rule 11 and the Illinois Rules of Professional Conduct.

### Factual Background

In the hope of avoiding unnecessary expense, Ameren's lawyers met with Spiegel's lawyers shortly after this lawsuit began. Ameren's attorneys, Charles Peters and Lawrence Heftman, explained to Daniel Edelman and other members of Edelman Combs Latturner & Goodwin, LLC, that they had sued the wrong entity. In particular, they pointed out that the

---

[1] Although Spiegel claims to have filed his renewed motion on Wednesday, November 26, he did not serve a copy of that motion on Ameren until Monday, December 1, less than the three days advance notice required by this Court's Case Management Procedures.

Complaint did not allege the originating number was assigned to Ameren, publicly available internet records showed the number was assigned to a different entity and that Ameren had publicly reported impersonation calls relating to Ameren to law enforcement. *See* Doc. No. 40, Exh. F, press release attached to Ameren Declaration. Edelman responded that he appreciated the information, but wanted to investigate further.

Spiegel's counsel then issued numerous subpoenas to determine what entity was using the originating number (which apparently was not investigated prior to the lawsuit) and requested that Ameren provide a declaration making certain representations. Spiegel's lawyer represented that if "we get no information from the subpoena and we have the affidavit as discussed, then we will recommend dismissing the case." *See* Exh. 1, August 12, 2014 email correspondence. Ameren provided the requested declaration "basically saying everything that [Spiegel] had asked defendant to say." (September 8, 2014 transcript at 3:10-11) Spiegel's lawyer then received EngageTel's subpoena response. It stated that 847-592-8850, the number of the person who allegedly made the unlawful calls giving rise to this lawsuit, belongs to "ARG Group," a wholesale customer of EngageTel. A copy of the subpoena response is attached hereto as Exh. 2. No one has ever indicated that ARG has any association whatsoever with Ameren. Over the Spiegel's objection, his lawyers then withdrew from this action citing their obligations under the Illinois Rules of Professional Conduct. When Spiegel sought to have them reinstated, they repeated that they felt they could not ethically pursue a claim any further against Ameren.

Ameren, in the meantime, filed a motion to dismiss based entirely on Rule 12(b)(6) of the Federal Rules of Civil Procedure. That motion is currently pending and subject to an existing briefing schedule. After Ameren filed that motion, Spiegel filed a motion to depose a

representative of Ameren on a variety of topics. Those topics range from whether Ameren supplies or delivers energy to customers in Northern Illinois to the extent Ameren was aware that others might be, fraudulently or not, holding themselves out to be acting on behalf of Ameren.

This Court, on November 25, denied without prejudice Spiegel's initial motion to take a deposition because Spiegel had failed to comply with Local Rule 37.2. [Docket 59] On that same day, one of Ameren's lawyers proposed that Spiegel contact him on December 3 to discuss Spiegel's desire to depose an Ameren representative. Notwithstanding that attempt to schedule a "meet and confer" discussion pursuant to Rule 37.2, Spiegel went ahead and renewed his motion to take depose an Ameren deposition, before the conference even occurred. *See* November 25, 2014 e-mail exchange between Charles Peters and Marshall Spiegel, a.k.a. "Marshall Craig," attached hereto as Exh. 3.

## Argument

I.  **A Deposition is Not Necessary to Respond to Ameren's Pending Motion To Dismiss.**

Ameren's motion to dismiss is brought only pursuant to Rule 12(b)(6). It contends that the allegations in Spiegel's pending complaint are insufficient to state a valid claim under the Telephone Consumer Protection Act. In particular, it contends that under the TCPA, the plaintiff must either allege that Ameren placed the calls to Plaintiff or is vicariously liable for those calls. [Docket 47 at 3.] The motion contends that the complaint does neither. It does not allege any facts showing that Ameren actually made the calls at issue. *Id.* Nor does it allege any legal theory of vicarious liability or facts to support such a theory. *Id.*

Spiegel does not need any discovery to respond to the motion to dismiss. The adequacy of the complaint turns on what is actually alleged. Nothing more. While Spiegel might want to take a deposition to further satisfy himself about matters that his lawyers have already determined are conclusive, that is not necessary to respond to the pending motion.

While in certain circumstances, discovery may be permitted to proceed while a motion to dismiss pursuant to Rule 12(b)(6) is pending, that is not appropriate here. Courts have frequently stayed discovery while a motion to dismiss is pending where the motion raises a serious question as to whether the claim may survive. See. e.g., *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) and cases cited therein. That is certainly the case here, where Spiegel's former lawyers have told the Court that they felt obligated to withdraw because they did not believe they could proceed against Ameren. Moreover, the parties have not yet held a Rule 26(f) conference. Rule 26(d) provides that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceedings exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by court order." Although the Court certainly has discretion to allow discovery to proceed before the Rule 26(f) conference, courts have generally recognized that such discretion should only be exercised where the party seeking to take discovery demonstrates "good cause" after providing the other side with sufficient notice. *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D 409, 412 (N.D. Ill. 2012). Here, Spiegel's motion makes no attempt whatsoever to demonstrate any cause, let alone good cause, to take early discovery.

## II. The Proposed Deposition Would Impose Undue Cost and Burden on Ameren.

From the outset, Ameren has repeatedly gone out of its way to try to minimize cost. It met with Spiegel's counsel at the very beginning of the case and voluntarily provided them with information in an attempt to resolve the case quickly. It then voluntarily agreed to provide Spiegel with a sworn declaration to support its claim that it had no role in the calls at issue. And it held off filing any motion in order to give Spiegel's former lawyers time to subpoena the entity associated with the relevant telephone number. Despite those efforts, Spiegel is now attempting to impose the additional cost of a Rule 30(b)(6) deposition on Ameren.

The cost of the proposed deposition is not insignificant. It involves far more than just the time Spiegel will take deposing the witness[2]. Because the deposition is proposed to be taken pursuant to Rule 30(b)(6), one or more representatives of Ameren must take time to acquire whatever information is available to the corporation on the designated topics. In order to make sure that the rule is properly followed, Ameren's attorney must oversee that investigation. Moreover, Ameren is based in Collinsville, Illinois. Ameren's lawyers in this case are located in Chicago, Illinois, where Spiegel filed this lawsuit. In order for Ameren to prepare properly for and attend the deposition, either Ameren representatives or Ameren's lawyers would have to travel. All of that time involves significant expense and disruption. None of that expense or burden should be incurred -- at least not until after the pending motion to dismiss is resolved.

## CONCLUSION

For the foregoing reasons, Ameren Illinois Company respectfully requests that the Court deny Spiegel's Renewed Motion to Take Deposition

Dated: December 2, 2014

Respectfully submitted,

AMEREN ILLINOIS COMPANY

By: /s/ Charles H.R. Peters

Charles H.R. Peters
Lawrence H. Heftman
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
(312) 258-5500

*Attorneys for Defendant Ameren Illinois Company*

---

[2] The time involved in any deposition is likely to be extended due to the fact that Spiegel is unrepresented. That situation creates the distinct possibility that a number of problems may arise relating to issues of the proper scope and procedure for conducting a Rule 30(b)(6) deposition.

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2014, a copy of the foregoing Ameren's Opposition to Spiegel's Renewed Motion to Take Deposition was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and an additional copy will be served on Marshall Spiegel via e-mail at oscars56@gmail.com. Parties may access this filing through the Court's electronic filing system.

/s/ Charles H.R. Peters

Charles H.R. Peters
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
Phone: (312) 258-5725
Fax: (312) 258-5600
lheftman@schiffhardin.com

26787-0072

CH2\15743020.1

# EXHIBIT 1

# Heftman, Lawrence H.

| | |
|---|---|
| **From:** | Rebecca A. Cohen <rcohen@edcombs.com> |
| **Sent:** | Tuesday, August 12, 2014 5:30 PM |
| **To:** | Heftman, Lawrence H. |
| **Subject:** | RE: Spiegel v. Ameren |

Hi Larry,

Dan wants to see the response from subpoena as well. If we get no information from the subpoena and we have the affidavit as discussed then we will recommend dismissing the case.

Sincerely,
Rebecca

**From:** Heftman, Lawrence H. [mailto:LHeftman@schiffhardin.com]
**Sent:** Tuesday, August 12, 2014 5:13 PM
**To:** Rebecca A. Cohen
**Subject:** RE: Spiegel v. Ameren

Rebecca,

I am awaiting the affidavit and expect to receive it shortly. I have not received a response to my email asking whether Plaintiff will dismiss this action upon receipt of the signed affidavit. Please advise.

Larry Heftman

**From:** Rebecca A. Cohen [mailto:rcohen@edcombs.com]
**Sent:** Tuesday, August 12, 2014 4:43 PM
**To:** Heftman, Lawrence H.
**Subject:** Spiegel v. Ameren

Hi,

I am just checking in to see if you have heard from your client regarding the affidavit. We are going to subpoena One Communications regarding the subscriber of the telephone number alleged in the case. You should get notice today I hope.

Thank you,

Rebecca A. Cohen
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., #1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (fax)
www.edcombs.com

---

```
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
```

1

```
please reply to the sender that you received the message in
error. Then delete it. Thank you.
------------------------------------------------------------------
```

# EXHIBIT 2



9/15/2014

Rebecca A. Cohen
Edelman, Combs, Latturner, & Goodwin, LLC
120 S. LaSalle Street
Chicago, IL 60603

RE: 847-592-8850
847-592-8798
847-592-8804
847-592-8552

To Whom It May Concern:

EngageTel Inc. is in receipt of United States District Court subpoena to supply subscriber information and outgoing call logs for the indicated telephone numbers. EngageTel states that our records indicate that although in our inventory of available numbers, phone number 847-592-8552 has never been assigned to an EngageTel customer.

847-592-8850, 847-592-8798, and 847-592-8804 belong to ARG Group. ARG Group is a wholesale customer of EngageTel and is not necessarily the end user subscriber to the phone numbers in question.

EngageTel provides services including virtual telephone numbers for the purpose of Caller ID only. Telephone calls are not originated with these telephone numbers, and EngageTel is not the underlying carrier for any telephone calls where the indicated telephone numbers appear in a call recipient's caller ID display. Therefore EngageTel is not in possession of and unable to supply outgoing call records for the indicated telephone numbers.

EngageTel does not know who the end user subscriber(s) to 847-592-8850, 847-592-8798, and 847-592-8804 is. The following is the contact information for ARG Group:

ARG Group
13100 56th Court, Ste. 705
Clearwater, FL 33760
Attn: Mark Diskin

Sincerely,

EngageTel Subpoena Compliance

# EXHIBIT 3

# Peters, Chip

| | |
|---|---|
| From: | Peters, Chip |
| Sent: | Tuesday, November 25, 2014 5:39 PM |
| To: | 'Marshall Craig' |
| Cc: | Heftman, Lawrence H. |
| Subject: | RE: Local Rule |

Please give me a call on Tuesday at 10:00. What, if any, involvement does the Law Office of John Xydakis have in this matter?

**From:** Marshall Craig [mailto:oscars56@gmail.com]
**Sent:** Tuesday, November 25, 2014 2:11 PM
**To:** Peters, Chip
**Cc:** Heftman, Lawrence H.
**Subject:** Re: Local Rule

We had this discussion in the hallway after court on October 21 with Heftman and potentially interested counsel Chris Langone the day and days preceding. However, notwithstanding that the rule as I understand it deals with discovery disputes and not requesting discovery we can speak by phone any day this week or Monday or Tuesday next week as I will be proceeding with my motion.

Please advise as I'm only a phone call away.

312/399-3145

On Tue, Nov 25, 2014 at 11:55 AM, Peters, Chip <cpeters@schiffhardin.com> wrote:

Judge Feinerman was clear that before you refile the motion, he expects you to consult in compliance with Local Rule 37.2. Although I am busy through the rest of this week, please contact me to schedule a time to consult next week, if you still wish to do so. I would be interested in discussing what you expect to accomplish from a deposition and why you believe it is necessary to respond to a motion directed solely at the pleadings in this case. The bottom of your e-mail refers to Law Offices of John Xydakis. Please let me know what connection that firm has to this matter. To the extent that any attorney from that firm is representing you in connection with this case, I should speak directly with that attorney rather than you. Thanks.

**Charles H.R. Peters**
Partner

vCard
View Bio



233 South Wacker Drive
Suite 6600
Chicago, IL 60606
www.schiffhardin.com

t *312.258.5683*
f *312.258.5600*
e *cpeters@schiffhardin.com*

**From:** Marshall Craig [mailto:oscars56@gmail.com]
**Sent:** Tuesday, November 25, 2014 11:31 AM
**To:** Heftman, Lawrence H.
**Cc:** Peters, Chip
**Subject:** Fwd: Local Rule

As you know yesterday, Judge Feinerman denied my motion without prejudice to take depositions of your client.

As you recall on 10/21/14 after the 9:30AM withdrawal, hearing we conferred in the hallway about proceeding with discovery to relieve your clients from the case based on your misleading affidavit.

You refused and before you go to the expense of briefing your motion, I wanted to see if you were interested in saving those resources for doing depositions consistent with my motion that I'm going to renew today.

Please advise of your position.

To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.


Law Office of John S. Xydakis

Suite 402

30 N. Michigan Ave.

Chicago, IL 60602

(312) 488-3497

```
---------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
---------------------------------------------------------------
```